FILED

Boschal Lee
2360 Huntington Drive, #318
San Marino, CA 91108
Ph: (626) 202 - 8068

Pro Se

2015 NOV 20  PM 3: 47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT K. TYLOR | CASE NUMBER: 2:15-cv-2252-CBM-MAN |
| Plaintiff, | **Judge Consuelo B. Marshall** |
| v. | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; DECLARATIONS & MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF** |
| SKYLINEAPPS.COM, INC. aka SKYLINE APPS; BOSCHAL K. LEE aka BOZ LEE doing business as SKYLINE APPS and SKYLINEAPPS.COM, INC.; and DOES 1 through 10 | |
| Defendants. | Date: Jan 12th, 2016 - 1/12/16 <br> Time: 10:00 am <br> Courtroom: 2 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on Jan. 12, 2016, at 10:00 a.m., before the

Honorable Consuelo B. Marshall, in Courtroom 2 of the United States Courthouse for the Central

District of California, Southern Division, 312 N. Spring Street, Los Angeles California,

Defendant Boschal Lee ("Lee" or "Defendant") will and hereby do move the Court to dismiss

Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon

which relief can be granted.

Pursuant to Local Rule 7-3, on November 1, 2015, Lee contacted Plaintiff's attorney,

Adam Ganfi ("Ganfi"), to meet and confer on the First Amended Complaint. The telephone

conversation took place on November 2, 2015, where Lee re-emphasized to Ganfi his lack of knowledge of the claims of infringement and he is only a consultant for various websites. Lee further requested that Ganfi forward over specific website urls and images that are subject of the First Amended Complaint as the Complaint lacked the alleged infringing images and the urls did not show any information as they were pleaded in the First Amended Complaint.

Lee informed Ganfi that he will be filing a motion to dismiss (demurrer) Plaintiff's First Amended Complaint because Plaintiff cannot establish Lee was the party who copied Plaintiff's copyrighted work. Lee did not benefit at all from any alleged copyright violations. Furthermore, Plaintiff's alleged copyrighted work cannot be found on U.S. Copyright database search (Exhibit 2).

After the 4th request by Lee, on November 6, 2016, Ganfi emailed a letter to Lee that showed several pictures of public beaches and palm trees as the subjects of the alleged infringement. None of these images were posted on any urls as alleged by Ganfi and furthermore, Ganfi cannot proof that these images had been infringed upon since they are pictures of public areas that can be taken by anyone with the same angles on any day without any original artistic values whatsoever. (Exhibit 3).

Nevertheless, Lee immediately took screenshots of all the urls (note date of screenshots) that were stated as having infringed copyrighted materials and Ganfi admitted that there were no infringing images posted on these urls as specified in Plaintiff's First Amended Complaint. (Exhibit 4).

Lee, in concurrence with Ganfi found no evidence of the alleged violations as alleged in First Amended Complaint, requested Ganfi to dismiss this case voluntarily. Instead, Ganfi, in

pattern and practice of seeking unjust enrichment through the filing of frivolous lawsuits, demanded a quick monetary settlement from Lee (Exhibit 5).

     This Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted is based on:

1) Lee had complied with Plaintiff in doing all he can upon notice by Ganfi after Lee's 4th request of the specific alleged infringements.  Plaintiff's First Amended Complaint has not pleaded sufficiently to any specific alleged infringements caused by Defendant;

2) Pursuant to 17 U.S.C. 107, the alleged copyrighted material (US Copyright database cannot locate) are fair use based on the purpose and character of the work, the nature of the work, and the effect of the use on the potential market;

3) Plaintiff's First Amended Complaint's pleadings lacked factual basis that would evidence Lee copied the alleged infringing images;

4) Plaintiff's First Amended Complaint's pleadings lacked factual basis that would evidence the alleged infringing copyrighted materials were copyrighted by the proper authority; (Exhibit 2)

5) Plaintiff's First Amended Complaint's pleadings lacked factual basis that would show that Lee had access to the Plaintiff's alleged copyrighted images, or Defendant had access to the plaintiff's work or if Lee had a reasonable opportunity to [view] [read] [hear] [copy] the plaintiff's work before the Defendant's work was created.  In fact, Lee only received the alleged copyrighted images on November 6, 2015 – after requesting them 4 times from Ganfi.  Immediately thereafter, Lee replied to show Ganfi that these

alleged images were NOT on any of the website addresses as alleged by
Plaintiff on the First Amended Complaint;

6) Plaintiff's action is barred by the doctrine of Unclean Hands as Plaintiff was not
dealing in good faith but rather deceptively withheld information that would be
adverse to the allegations in their copyright infringement claims.  The alleged
copyrighted images were purposely not displayed but withheld in Plaintiff's
First Amended Complaint.  These images of public domain are fair use and
Plaintiff is barred from any relieve per Title 17 USC copyright laws;

7) Plaintiff's First Amended Complaint's pleadings does not state facts sufficient to claim
Lee has violated contributory infringement.

This Motion is based on this Notice of Motion and Motion; the accompanying
Memorandum of Points and Authorities; the pleadings and papers filed in this action; and such
further argument and matters as may be offered at the time of the hearing of this Motion.

Date:  November 12, 2015

By:

Boschal Lee, Pro se

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Vincent Tylor and Adam Ganfi have filed numerous copyright infringement lawsuits nationally to unsuspecting Defendants. As in this lawsuit, the alleged copyrighted images are of no unique artistic value but are pictures of public places such as beach and palm trees in Hawaii. Defendant did not have any information about any copyrighted images until November 6, 2015 after requesting the alleged images from Ganfi 4 times. Defendant does not own the businesses as alleged by Plaintiff's First Amended Complaint and has not derived any control or benefit from the alleged copyright infringements.

Upon receiving the actual images that were concealed by Ganfi in the First Amended Complaint, Defendant thoroughly provided screenshots of each website address to Ganfi to show none of the alleged copyrighted images were on those website addresses. Furthermore, Ganfi agreed to the images not posted on those website addresses but nonetheless demanded monetary settlement from Lee.

Defendant doubled checked the registration of the alleged copyrighted images as alleged in the First Amended Complaint with the US Copyright website database and none of the registrations returned as copyrighted material.

Plaintiff alleged contributory infringement but has not provided any facts in support of Lee being contributory to any infringements.

Plaintiff is a seasoned "troll" where he profits through unethical legal loopholes to gain default judgments and through intimidation against unsuspecting Defendants.

# II. ARGUMENT

**A. The First Amended Complaint Must Be Dismissed For Failure to Conform With Copyright Rules - 17 U.S.C. § 201–205:**

COPYRIGHT—DEFINITION (17 U.S.C. §§ 201–205):

The plaintiff is the owner of a valid copyright [in *identify work[s] allegedly infringed*] if the plaintiff proves by a preponderance of the evidence that:

    1. the plaintiff's work is original;

    2. the plaintiff [is the author or creator of the work] [received a transfer of the copyright] [received a transfer of the right to [*specify right transferred, e.g., make derivative works, copy, publicly perform, etc.*]; and

    3. the plaintiff complied with copyright notice requirements by placing a copyright notice on publicly distributed copies of the allegedly infringed work.]

Here, Plaintiff's alleged copyrighted materials were not sufficiently pleaded in the First Amended Complaint. Plaintiff has not pleaded i) the alleged work was original, ii) is the rightful author or creator of the work, and iii) did not comply with copyright notice requirements as the alleged images do not have the copyright notices.

Furthermore, US Copyright database cannot locate the alleged copyright registrations (Exhibit 2).

**B. The First Amended Complaint Must Be Dismissed For violating 17 U.S.C. §107**

**COPYRIGHT—FAIR USE (17 U.S.C. § 107):**

One who is not the owner of the copyright may use the copyrighted work in a

reasonable way under the circumstances without the consent of the copyright owner if it

would advance the public interest. Such use of a copyrighted work is called a fair use.

The owner of a copyright cannot prevent others from making a fair use of the

owner's

copyrighted work.  Defendant contends that defendant made fair use of the copyrighted

work for the purpose of [criticism] [comment] [news reporting] [teaching] [scholarship]

[research]

[*public interest*].  In determining whether the use made of the work was fair, you should

consider the following factors:

1. the purpose and character of the use, including whether such use is of a

commercial nature or is for nonprofit educational purposes;

2. the nature of the copyrighted work;

3. the amount and substantiality of the portion used in relation to the

copyrighted work as a whole;

4. the effect of the use upon the potential market for or value of the

copyrighted work;

Here, Plaintiff's alleged copyrighted images are public images of beaches and palm trees

that are NOT original as required but are fair use based on the purpose and character of the work,

the nature of the work, and the effect of the use on the potential market and belongs in the public

domain. (Exhibit 3).

1
2
3
4
5

**C. The First Amended Complaint Must Be Dismissed for Failure to Plead Sufficient Facts**

6 **that Boschal Lee is the Copyright Infringer:**

7       Plaintiff's First Amended Complaint failed to state how Defendant had access to

8 the Plaintiff's alleged copyrighted images, or Defendant had access to the plaintiff's

9

10 work or if Lee had a reasonable opportunity to [view] [read] [hear] [copy] the plaintiff's

11 work before the Defendant's work was created.

12       In fact, Lee only received the alleged copyrighted images on November 6, 2015

13 – after requesting them 4 times from Ganfi.  Immediately thereafter, Lee replied to show

14 Ganfi that these alleged images were NOT on any of the website addresses as alleged

15 by Plaintiff on the First Amended Complaint (Exhibit 5).

16

17 **D. The First Amended Complaint Must Be Dismissed for Failure to State Sufficient Facts**

18 **that Boschal Lee was a Contributory Infringer:**

19       To prove copyright infringement, the plaintiff must prove both of the following elements:

20       1. the defendant knew or had reason to known of the infringing activity of

21       [*name of direct infringer*]; and

22

23       2. the defendant intentionally [induced] [materially contributed to] [*name of*

24       *direct infringer's*] infringing activity.

25       Here, Plaintiff's First Amended Complaint did not state that Lee knew of the infringing

26 activity AND Lee induced the infringing activity.

27
28

1    Lee received notice of the actual copyrighted images from Ganfi only on November 6,

2    2015. Upon receipt, Lee conferred with Ganfi and Ganfi concurred that the alleged copyrighted

3    images were not on the website urls as stated in the First Amended Complaint. Lee offered to

4    further investigate by asking Ganfi if there were any other infringing websites for which Ganfi

5    did not reply. Lee did everything he can to address the alleged violations but found nothing

6    violative.

7

8    **E. The First Amended Complaint Must Be Dismissed for Failure to State a Claim Upon**

9    **Which Relief Can Be Granted:**

10       Plaintiff's First Amended Complaint did not state facts that support the alleged

11   copyright images were registered with the proper authority. Plaintiff's copyrighted work

12   cannot be found on U.S. Copyright database search (Exhibit 2).

13       Plaintiff's First Amended Complaint did not plead sufficiently that it conformed with

14

15   U.S. copyright statues to be considered registered copyright material:

16       1. the plaintiff's work is original;

17       2. the plaintiff [is the author or creator of the work] [received a transfer of the

18       copyright] [received a transfer of the right to [*specify right transferred,*

19       *e.g., make derivative works, copy, publicly perform, etc.*]; and

20       3. the plaintiff complied with copyright notice requirements by placing a

21       copyright notice on publicly distributed copies of the allegedly infringed

22       work.]

23       Plaintiff's First Amended Complaint did not plead sufficiently that the alleged

24   copyright work was not fair use:

25       1. the purpose and character of the use, including whether such use is of a

commercial nature or is for nonprofit educational purposes;

2. the nature of the copyrighted work;

3. the amount and substantiality of the portion used in relation to the copyrighted work as a whole;

4. the effect of the use upon the potential market for or value of the copyrighted work;

Plaintiff's First Amended Complaint did not plead the correct violating website urls as Ganfi concurred with Lee that the website urls did not contain any alleged infringing copyright images (Exhibit 5)

Plaintiff's First Amended Complaint did not plead sufficient facts that Lee was the right party as the copyright infringer who had access to the Plaintiff's alleged copyrighted images, or Defendant had access to the plaintiff's work or if Lee had a reasonable opportunity to [view] [read] [hear] [copy] the plaintiff's work before the Defendant's work was created.

Plaintiff's First Amended Complaint did not plead sufficient facts that Lee did not conform with proper notice requirements to remove alleged infringing images.  Lee requested specific violating images and urls from Ganfi but Ganfi was unresponsive until the 4th request on November 6, 2015.  Immediately upon review, Lee contacted Ganfi to address the website urls did not have the alleged copyright infringing images as pleaded in the First Amended Complaint.  Lee then asked Ganfi to provide any other website urls that may be infringing on copyrighted images, for which Ganfi did not respond.  Lee did everything in his power expeditiously to correct any and all infringing copyrighted images with Ganfi upon notice.

Lee conferred with Ganfi to locate and address all the alleged infringements but found nothing.  Plaintiff's First Amended Complaint's pleadings do not state facts sufficient to claim Lee has violated contributory infringement.

**E. The First Amended Complaint Must Be Dismissed under the doctrine of unclean hands as Plaintiff purposely withheld the actual images from the First Amended Complaint to disguise the fair use nature of the images.**

Plaintiff's action is barred by the doctrine of Unclean Hands as Plaintiff was not dealing in good faith but rather deceptively withheld information that would be adverse to the allegations in their copyright infringement claims.  The alleged copyrighted images were purposely not displayed but withheld in Plaintiff's First Amended Complaint.  These images of public domain are fair use and Plaintiff is barred from any relieve per Title 17 USC copyright laws.  Plaintiff then further withheld these images from Lee until Lee requested them the 4th time.  Upon receipt of the images, it was clear that Plaintiff's claims were frivolous and was operating under bad faith to intimidate and harass Lee into an unjust enrichment settlement in favor of Plaintiff.

### III. CONCLUSION

For the reasons set forth above, Defendant Lee respectfully request that the Court dismiss all of the claims asserted against him.

Respectfully submitted.

Dated: November 18, 2015

By: Boschal Lee

In Pro Se

## DECLARATION OF BOSCHAL LEE

I, BOSCHAL LEE, declare:

1. I am a witness to the events in this case. I have personal knowledge of the facts I state below, and if I were to be called as a witness, I could competently testify about what I have written in this declaration under the penalty of perjury.

2. I was served with the First Amended Complaint on October 31, 2015 via fedex delivery;

3. In the First Amended Complaint, there were no actual images presented;

4. I contacted Adam Ganfi to meet and confer as he had requested on November 1, 2015;

5. On the phone, I informed him that there were no images in the First Amended Complaint;

6. I requested Ganfi send me the actual copyright infringing images on November 2, 2015, November 3, 2015, and 2 times on November 6, 2015 before I received the actual alleged copyright infringing images;

7. Upon seeing the images, I was surprised that the alleged copyright images were common images of beaches and palm trees that could have been taken by anyone and unoriginal;

8. Furthermore, the images were attached to a letter dated December 10, 2014 with a delivery address different from my office address;

9. I had not received any email correspondences from Mr. Ganfi as shown in the December 10, 2014 letter;

10. I went through and provided Mr. Ganfi with all the screenshots of the alleged website urls that may have infringing copyrighted images per the First Amended Complaint and the December 10, 2014 letter and I found nothing;

11. I emailed all the screenshots of all the alleged copyright infringing website urls to Mr. Ganfi the same day and he concurred that the images were not there;

12. I asked Mr.Ganfi if there were any other infringing website urls I can assist him with and he did not reply;

13. I informed him that this lawsuit is emotionally stressful for me as I have no money to pay his demand of up to $150,000 per image violation plus his attorney fees;

14. I furthermore informed Mr. Ganfi that I will be willing to waive my privacy rights to provide my tax returns to show him my low income status if Mr. Tylor will do the same to provide me with his tax returns in fair exchange of information.  Mr. Ganfi refused;

15. I informed Mr.Ganfi that I will be motioning the court to dismiss this claim for I had done all I can to assist Mr. Ganfi to correct any copyright infringements.  Mr. Ganfi had not provided any additional information but pushed to ask for money none the less.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:  4/19/15

Boschal Lee

# EXHIBIT 2

Copyright registration not found – VA 1-696-555



Copyright registration not found – VA 1-432-741



**Copyright registration not found – VA 1-696-552**



**Copyright registration not found – VA 1-432-820**



**Copyright registration not found – VA 1-759-562**



EXHIBIT 3



Adam I. Gafni
Woolf Gafni & Fowler LLP
10850 Wilshire Boulevard,
Suite 510
Los Angeles, California
90024
310-474-8776
adam.gafni@wgflp.com

December 10, 2014

**VIA U.S. MAIL & EMAIL**

**Skyline Technologies, Inc. dba Skyline Apps**
**Attn: Mitch Weckop** (Agent for Service of Process)
1400 Lombardi Avenue; Suite 104n
Green Bay, Wi 54304

**Skylineapps.com, Inc.**
**Attn: Boz Lee**
633 5th Street, 28th Floor
Los Angeles, CA 90017

info@skylineapps.com
boz@skylineapps.com
cbcinsider@yahoo.com

Re:  *Vincent K. Tylor v. Skyline Technologies, Inc. dba Skyline Apps; Skylineapps.com, Inc.*
     *United States District Court Case No.:  Not Yet Filed*

### NOTICE OF INFRINGEMENT AND DEMAND TO CEASE AND DESIST

Dear Skyline Technologies, Inc. dba Skyline Apps and Skylineapps.com, Inc.:

        We have reached out to you several times in an attempt to settle this matter pre-suit, but have received no response.  As a reminder, we have enclosed our two prior demand letters.  We have no doubt that you have received our prior correspondence, yet you have failed to stop infringing the eight (8) photographs at issue ("Photographs") and failed to address the damages suffered by my client as a result of the continued unauthorized and willful copyright infringements.

        In addition, it appears you have distributed our client's Photographs to third parties as part of your Apps, such as on Google Play.[1]  As such, you are not only liable for willful direct copyright infringement in connection with your creation of the Apps using the Photographs and the posting of the Photographs on your website, but you are also secondarily liable for all infringements by any and all third party direct infringers who unlawfully copied, downloaded, displayed, and/or publicly distributed the Photographs you provided them (*see i.e. Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996) "Contributory infringement originates

---

[1] *See i.e.* https://play.google.com/store/apps/details?id=com.phonegap.oahuhawaii&hl=en

Syline Technology and Skyline Apps                                   December 10, 2014
P a g e | 2

in tort law and stems from the notion that one who directly contributes to another's infringement should be held accountable."). We again demand that you to cease all use of the Photographs immediately, and ensure that the third parties you distributed the Photographs to also stop their infringements.

Please be advised that the longer you ignore my client, the more attorney's fees and costs he continues to accrue and the monetary demand increases. This is our final attempt at settling this matter before involving the court. My client's settlement demand is now increased to $160,000.00 in light of the willful infringing activity and what appears to be extensive distribution. Should my client be forced to draft a Complaint and file suit against you we will be seeking the maximum damages allowed by law for all direct infringements as well as all third-party infringements for which you are secondarily liable, in addition to all attorney's fees and costs.

We continue to request preservation of all electronic evidence of your source of our client's image, the date that they were uploaded for use in your Apps and to your web pages along with viewership data, all the third parties that you distributed the Apps/photographs to and the date that they were distributed, and revenue related to your Apps and website and use of my client's images. [2]

This letter and the contents contained therein our made subject to Federal Rule of Evidence 408. Our client continues to reserve all rights and remedies. Please contact our office if you have any questions.

Very Truly Yours,
WOOLF GAFNI & CIRLIN LLP

Adam I. Gafni, Esq.

---

[2] As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.* 264 F.R.D. 517, 523-24 (N.D. Cal. 2009); *see also Unigard Sec. Ins. Co. v. Lakewood Engineering & Man. Corp.*, 982 F.2d at 365, 369 (9th Cir 1992) (upholding the district court's exclusion of plaintiff's expert testimony based on evidence plaintiff destroyed two years before filing suit).

# Exhibit 1

3

Skylineapps



http://apps-biz.com/mobile-app-of-kauai-hawaii/





http://apps-biz.com/tag/hawaii-travel-apps/





Skylineapps

July 30, 2014
Page | 10



http://apps-biz.com/tag/travel-apps/



## 24 Jun 2011 — MOBILE APP OF KAUAI, HAWAII



So where can one find information on Kauai, other Hawaii
beaches, and interesting travel destinations? How about the
Kauai, Hawaii mobile application developed by Skyline Apps
for iPhone, Android, Blackberry, and other smartphones.



Get your free download here by signing up at
http://skylineapps.com/mobile/signup.php?id=kauaihawaii/

Skylineapps

July 30, 2014

P a g e | 11



http://apps-biz.com/tag/app/



apps-biz.com/tag/app/



**24** MOBILE APP OF KAUAI, HAWAII

Jun 2011





So where can one find information on Kauai, other Hawaii beaches, and interesting travel destinations? How about the Kauai, Hawaii mobile application developed by Skyline Apps for iPhone, Android, Blackberry, and other smartphones.



Get your free download here by signing up at
http://skylineapps.com/mobile/signup.php?id=kauaihawaii/

Skylineapps

July 30, 2014
P a g e | 12

| ↔ apps-biz.com/tag/app/ |

Get your free download here by signing up at
http://skylineapps.com/mobile/signup.php?id=kauaihawaii#

This application gives you everything that you need to know for
the Island of Kauai and would help you decide on the perfect
place to have your vacation. The features of the application
include:



The Kauai, Hawaii Application is only one of many mobile
travel applications developed by Skyline Apps for smartphones.
The Kauai, Hawaii application is available to download for
FREE. Users can access this and many other mobile
applications by setting up a free account with Synergy Network.
Synergy Network is a social network site that allows users to
interact with each other as well as with Skyline Apps customer
service team. The Kauai, Hawaii Application is an application
for smartphones such as the iPhones, Blackberry, and Android
phones. It is available in the Skyline mobile apps store, and
Android Market.

Skyline Apps mission is to provide innovations in mobile
computing for businesses to access applications and
communicate via mobile devices. Skyline Apps' U.S. Patent
Pending technology offers users a Content Management
System (CMS) that is economical and efficient in managing
information, and customization of different features for mobile
and web applications.

Interested in making your own mobile application? Skyline

Skylineapps

July 30, 2014
P a g e | 13

http://apps-biz.com/tag/smartphone/



Get your free download here by signing up at
http://skylineapps.com/mobile/signup.php?id=kauaihawaii#

This application gives you everything that you need to know for
the island of Kauai and would help you decide on the perfect
place to have your vacation. The features of the application
include:



The Kauai, Hawaii Application is only one of many mobile
travel applications developed by Skyline Apps for smartphones.
The Kauai, Hawaii application is available to download for
FREE. Users can access this and many other mobile
applications by setting up a free account with Synergy Network.
Synergy Network is a social network site that allows users to
interact with each other as well as with Skyline Apps customer
service team. The Kauai, Hawaii Application is an application



# 24 MOBILE APP OF KAUAI, HAWAII

Jun 2011





So where can one find information on Kauai, other Hawaii beaches, and interesting travel destinations? How about the Kauai, Hawaii mobile application developed by Skyline Apps for iPhone, Android, Blackberry, and other smartphones.



Get your free download here by signing up at
http://skylineapps.com/mobile/signup.php?id=kauaihawaii//

http://apps-biz.com/tag/iphone-apps/

Get your free download here by signing up at
http://skylineapps.com/mobile/signup.php?id=kauaihawaii//

This application gives you everything that you need to know for the Island of Kauai and would help you decide on the perfect place to have your vacation. The features of the application include:



The Kauai, Hawaii Application is only one of many mobile travel applications developed by Skyline Apps for smartphones. The Kauai, Hawaii application is available to download for FREE. Users can access this and many other mobile applications by setting up a free account with Synergy Network. Synergy Network is a social network site that allows users to interact with each other as well as with Skyline Apps customer service team. The Kauai, Hawaii Application is an application for smartphones such as the iPhones, Blackberry, and Android phones. It is available in the Skyline mobile apps store, and Android Market.

Skylineapps

July 30, 2014

P a g e | 15

http://apps-biz.com/tag/mobile-apps/



http://apps-biz.com/wp-content/uploads/2011/06/k2.jpg





Skylineapps

July 30, 2014
P a g e | 16

http://apps-biz.com/wp-content/uploads/2011/06/k11.jpg





http://www.pulsarwallpapers.com/data/media/921/Kee_Beach_Kauai_Hawaii.jpg



Skylineapps

July 30, 2014
P a g e | 17

http://vegacrush.com/skyline/img/sunset.jpeg



site://skylineapps.com kauai



Skylineapps

July 30, 2014
P a g e | 18

http://skylineapps.com/mobile/index.php?id=kauaihawaii



Skylineapps

July 30, 2014
P a g e | 19

https://www.facebook.com/skylineapps



Skylineapps

July 30, 2014
P a g e | 20

https://www.facebook.com/skylineapps/photos



Skylineapps

July 30, 2014
P a g e | 21

https://www.facebook.com/photo.php?fbid=208662269173222&set=a,20866190583992
5,49642.100000883508423&type=1&theater



Skylineapps

July 30, 2014

Page | 22

https://www.facebook.com/photo.php?fbid=208662269173222&set=yo.1000008835084
23.2011&type=1&theater



## You Have Repeatedly Violated Mr. Tylor's Rights Under U.S. Copyright Law

It is unquestionable that you have infringed upon our client's copyrights by using the
aforementioned images on your website as part of your commercial advertising efforts.

Under United States Copyright Law, the copyright owner of an image has the exclusive rights to
reproduce, distribute, display or prepare derivative works based upon the image. 17 USC §§106 & 501.
Any reproduction, distribution, or display of a copyrighted work without authorization from the
copyright holder constitutes infringement. This is a strict liability offense: you are responsible for any
infringing act on your web pages regardless of your intent. **Removal of the infringed works does not
relieve you from liability for damages arising from your past infringements.**

## Damages Arising From Your Repeated Copyright Infringements

***Actual Damages and Skyline Apps' Profits.*** In the event that a copyright owner's rights are
infringed upon, a copyright owner is entitled to recover actual damages and profits earned by Skyline
Apps from the infringement *regardless* of whether the infringement was intentional or willful. 17
U.S.C.A. § 504(c)(1).

Here, Skyline Apps' use of the image to advertise and promote itself may allow our client to
recover all profits generated from or related to Skyline Apps' online advertising campaign. *See, e.g.,*

EXHIBIT 4

As of November 18, 2015, http://apps-biz.com domain registration expired and its owner had not renewed.  However, on November 6, 2015 the following screenshots were taken with the corresponding urls:



http://apps-biz.com/mobile-app-of-kauai-hawaii



http://apps-biz.com/tag/hawaii-travel-apps/



http://apps-biz.com/tag/travel-apps/



http://apps-biz.com/tag/travel-apps/

4



http://apps-biz.com/tag/travel-apps/



http://apps-biz.com/tag/travel-apps/

http://apps-biz.com/tag/app/  and http://apps-biz.com/tag/smartphone/



7

http://apps-biz.com/tag/smartphone/



http://apps-biz.com/tag/app



9

http://apps-biz.com/tag/app



http://apps-biz.com/tag/iphone-apps/



http://apps-biz.com/tag/mobile-apps/



http://apps-biz.com/wp-content/uploads/2011/06/k2.jpg



13

http://apps-biz.com/wp-content/uploads/2011/06/k11.jpg



14

http://vegacrush.com/skyline/img/sunset.jpeg





15

http://skylineapps.com/kauai



## Not Found

The requested URL /kauai was not found on this server.

Additionally, a 404 Not Found error was encountered while trying to use an ErrorDocument to handle the request.



16

skylineapps.com/mobile/index2.php?id=kauaihawaii





17

https://www.facebook.com/skylineapps



https://www.facebook.com/skylineapps/photos_all



https://play.google.com/store/apps/details?id=com.phonegap.kauaihawaii&hl=en



We're sorry, the requested URL was not found on this server.

Google play

20

https://play.google.com/store/apps/details?id=com.phonegap.oahuhawaii&hl=en

https://play.**google**.com/store/apps/details?id=com.phonegap.oahuhawaii&hl=en          C'    Q *Search*

We're sorry, the requested URL was not found on this server.

Google play                                    Search

21

EXHIBIT 5



Boz Lee <boz@bizdebtlitigators.com>

---

## Re: 4th request for infringement info
1 message

---

**boz@skylineapps.com** <boz@bizdebtlitigators.com>                    Tue, Nov 10, 2015 at 11:21 AM
Reply-To: boz@skylineapps.com
To: Adam Gafni <adam@gafnilaw.com>

Mr. Gafni,

I will once again restate the fact that I have only received the information regarding which specific images and urls were claimed to have violated any laws last week upon my 4th request from you.  I do not see any posted images on the urls you have provided.

Given that there are no violation per the urls you have provided, there isn't any controversy.  Therefore, the First Amended Complaint must be dismissed as required by law.  I will once again state that your refusal to dismiss this case but to use it to extort money from me is harassment and I am emotionally stressed out about it and it is impacting me financially and emotionally.

On Tue, Nov 10, 2015 at 11:11 AM, Adam Gafni <adam@gafnilaw.com> wrote:

Dear Mr. Lee:

As previously explained, removal of the infringements **does not** preclude the filing of suit for copyright infringement (please see the complaint).  Indeed, the images were up long after initial notice.  The images were infringing, continued to infringe after notice, and no one contacted us to resolve the matter before the lawsuit. Thus, the instant lawsuit which has been filed.  You can see screenshots of the infringements in my letters as they existed at the time of the letters (and thereafter). We trust **you have saved all evidence** for discovery per your obligations.

You are mistaken in your argument that photographs of nature are "public domain" not warranting Copyright protection. This indicates that you are very mistaken about the nature of Copyright law and should obtain legal advice.  Once again, as we have all along, advise that you speak with an attorney regarding this matter.

My client remains amenable and  flexible with respect to settlement of this matter even taking into account your tack so far in this case. However, you have thus far been unwilling to engage in good-faith settlement discussions, provide any documentation supporting your positions, and in fact only attempted to obfuscate the issues and make improper threats regarding personal injury actions.

Please reach out if you would like to engage in good-faith settlement discussion by providing *some* monetary offer, but as previously discussed, we will not waste any more time with non-issues. By way of example, this case nothing to do with trademark protection – it is a Copyright matter.

Thanks,

Adam

PLEASE NOTE THE NEW FIRM NAME AND CONTACT INFORMATION BELOW

Adam I. Gafni

**Law Offices of Adam I. Gafni**

2811 Wilshire Blvd. Suite 780

Santa Monica, California 90403

Tel: (424) 744 – 8344

Fax: (424) 488 - 1344

E-mail: adam@gafnilaw.com

Website: www.gafnilaw.com

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of the message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this message in error, please immediately delete the message and notify the author by email or telephone at (424) 744 - 8344

**From:** boz@skylineapps.com [mailto:boz@bizdebtlitigators.com]
**Sent:** Friday, November 06, 2015 5:51 PM
**To:** Adam Gafni <adam@gafnilaw.com>
**Subject:** Re: 4th request for infringement info

Mr. Gafni,

I just received your email and went through the urls you alleged had the alleged infringement images, but I do not see any of those images on any of the urls you had listed.

Attached are the 19 screenshots of webpages that correspond to your email urls in your pdf.  You can see the time stamp and the urls of the webpages, which DO NOT have ANY of the purported infringement images.

If there are other urls and webpages you like me to investigate, please do send them to me ASAP.

I will note that the images attached to your email that you are alleging to be copyrighted and infringed are public images of beaches and trees.  You should know that there are NO trademark protection for public

domain media and the public has the right to enjoy nature, such as trees, beaches, and other images outweight ALL private trademark protection - especially these plain and un-unique photos.

Here, I believe you and your client are trying to "Troll" innocent individuals into settling frivolous lawsuits by deceptive service to gain default judgments and then through intimidation and harassment. There are laws against these types of unethical behaviors as I am a victim of your scheme and have been extremely stressed about this whole lawsuit.

Once again, I urge you to either state a claim with evidence of your alleged infringements or dismiss the lawsuit immediately. Once I file the demure, I will be seeking damages and sanctions for all of my emotional distress and the ongoing harassment from you.

On Fri, Nov 6, 2015 at 3:53 PM, Adam Gafni <adam@gafnilaw.com> wrote:

Dear Mr. Lee:

Here is **1st** of **many attempts** to settle this matter with you. Note it was sent to the **exact same address** you are emailing me from now while at the same time claiming to have **no notice** of this matter.

We look forward to discovery into this matter. We are adding the time for this email to the fees and costs sought in litigation and look forward to your explanation in deposition.

Regards,

Adam

PLEASE NOTE THE NEW FIRM NAME AND CONTACT INFORMATION BELOW

Adam I. Gafni

**Law Offices of Adam I. Gafni**

2811 Wilshire Blvd. Suite 780

Santa Monica, California 90403

Tel: (424) 744 – 8344

Fax: (424) 488 - 1344

E-mail: adam@gafnilaw.com

Website: www.gafnilaw.com

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of the message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this message in error, please immediately delete the message and notify the author by email or telephone at (424) 744 - 8344

**From:** boz@skylineapps.com [mailto:boz@bizdebtlitigators.com]
**Sent:** Friday, November 06, 2015 2:28 PM
**To:** Adam Gafni <adam@gafnilaw.com>
**Subject:** Re: 4th request for infringement info

Adam,

As I have informed you on the phone, I do not have any previous notifications of infringements.  The First Amended Complaint does not have images of alleged infringements and the urls provided also do not specify what are being infringed.

I am asking again - **4th Attempt** - for you to provide me in detail what images (with images), url and specific infringement information.

There is no reason for you to continue to withhold your alleged infringement information or attempt to deprive me an opportunity to correct said alleged infringements.

Again, this is my **4th Attempt** to get information from you regarding the alleged infringements.

Again, Please email me the photos alleged to be infringed and posted url.

On Fri, Nov 6, 2015 at 2:22 PM, Adam Gafni <adam@gafnilaw.com> wrote:

Mr. Lee,

4

We have sent numerous emails and correspondence pre-suit to this very same email address. You should have every correspondence to date. You have chosen to not cooperate by providing a single document supporting your assertions and rejected my client's offer to consider your financial position by reviewing tax returns to be held confidential by insisting that my client show you his taxes (although there is no conceivable legal relevance of such items).

Best regards,

Adam

PLEASE NOTE THE NEW FIRM NAME AND CONTACT INFORMATION BELOW

Adam I. Gafni

**Law Offices of Adam I. Gafni**

2811 Wilshire Blvd. Suite 780

Santa Monica, California 90403

Tel: (424) 744 – 8344

Fax: (424) 488 - 1344

E-mail: adam@gafnilaw.com

Website: www.gafnilaw.com

CONFIDENTIALITY NOTICE: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of the message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this message in error, please immediately delete the message and notify the author by email or telephone at (424) 744 - 8344

**From:** boz@skylineapps.com [mailto:boz@bizdebtlitigators.com]
**Sent:** Friday, November 06, 2015 2:19 PM
**To:** Adam Gafni <adam@gafnilaw.com>
**Subject:** 3rd request for infringement info

THIS IS THE 3RD REQUEST FOR THE IMAGES AND URL OF SPECIFIC ALLEGED INFRINGEMENT INFORMATION

---------- Forwarded message ----------
From: **boz@skylineapps.com** <boz@bizdebtlitigators.com>
Date: Tue, Nov 3, 2015 at 4:40 PM
Subject: Re: Tylor v. Skyline Apps
To: Adam Gafni <adam@gafnilaw.com>

Adam,


As mentioned in the past email, please email me the images and corresponding url of the alleged infringements claimed by your client.


This is the first notice of the infringements as the First Amended Complaint did not include images and the urls did not specifically show what were the infringed images.


Upon clarification and to the best of my abilities, I will do what I can to correct any infringements.




On Tue, Nov 3, 2015 at 4:27 PM, Adam Gafni <adam@gafnilaw.com> wrote:

Dear Mr. Lee,


Thank you for speaking with me today. This will confirm that we engaged in the Rule26f conference.


Best,

Adam


PLEASE NOTE THE NEW FIRM NAME AND CONTACT INFORMATION BELOW

Adam I. Gafni

**Law Offices of Adam I. Gafni**

2811 Wilshire Blvd. Suite 780

Santa Monica, California 90403

Tel: (424) 744 – 8344