ADAM I. GAFNI, Cal. Bar No. 230045
LAW OFFICES OF ADAM I. GAFNI
2811 Wilshire Blvd., Suite 780
Santa Monica, CA 90403
Tel: (424) 744-8344
adam@gafnilaw.com

Attorneys for Plaintiff, VINCENT K. TYLOR

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

VINCENT K. TYLOR,

Plaintiff,

v.

SKYLINEAPPS.COM, INC. aka SKYLINE APPS; BOSCHAL K. LEE aka BOZ LEE doing business as SKYLINE APPS and SKYLINEAPPS.COM, INC.; and DOES 1 through 10

Defendants.

**Case No.: 2:15-cv-2252**

**SECONDAMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff Vincent K. Tylor ("Plaintiff"), by and through his attorneys of record, alleges against Skylineapps.com, Inc. aka Skyline Apps Boschal K. Lee Aka Boz Lee Doing Business As Skyline Apps And Skylineapps.Com, Inc ("Defendants") and DOES 1 through 10 as follows:

## I.

## THE PARTIES

1. Plaintiff Vincent Khoury Tylor ("Plaintiff") is a resident of the State of

Hawaii and is a renowned professional photographer specializing in Hawaiian landscapes. Plaintiff operates the website www.hawaiianphotos.net and regularly sells his copyrighted images across the United States, including in Hawaii and California. Plaintiff's photographs are copyrighted images and Plaintiff works vigorously, through sending DMCA notices as well as cease-and-desist letters to protect his copyrighted images from unauthorized use.

2. Plaintiff is informed and believes that Defendant Skylineapps.com, Inc. aka Skyline Apps is an organization whose business type is unknown with its principal place of business located at 633 W. 5th Street, 28th floor, Los Angeles, CA 90071.

3. Plaintiff is informed and believes that Defendant Boschal K. Lee aka Boz Lee is the owner and/or manager and/or principal of Skylineapps.com, Inc.

4. Plaintiff is informed and believe that Defendant Skylineapps.com, Inc. and Boschal K. Lee both do business as Skyline Apps and Skylineapps.com, Inc. and acted in concert and/or aided and abetted each other to commit the wrongful acts alleged herein. Collectively, Defendants Skylineapps.com, Inc. and Boschal K. Lee shall be referred to as "Defendants" or "Skyline Apps."

5. Plaintiff is informed and believes that Defendants provide and distribute technology services to businesses and individuals, including but not limited to providing web and mobile applications ("Apps") services.

6. Plaintiff is further informed and believes that Defendants also design and develope their own Apps, which they distribute and make publicly available for download on numerous websites, through direct email to customers, in stores, and through other means, including directly into California.

7. Plaintiff is informed and believes that Defendants own, operate, manage, supervise, and/or control commercial marketing websites at, *inter alia*, www.skylineapps.com (and sub-Uniform Resource Locators (sub-URLs)),

www.facebook.com/skylineapps (and sub-URLs) and www.vegascrush.com (and sub-URLs) (hereinafter collectively the "Websites").

8. Plaintiff is informed and believes that Defendants use the Websites to promote their services, market and/or sell their Apps, distribute their Apps by making them available for download, and generate business.

9. Plaintiff is further informed and believes that Defendants also use other third-party vendors, including, *inter alia*, third-party vendor websites to promote their services and generate business by offering their Apps for download via these third party vendor websites, including but not limited to on www.play.google.com (and related sub-URLs), www.pulsarwallpapers.com (and related sub-URLs), www.app-biz.com (and sub-URLs) (hereinafter collectively the "Third Party Websites." )

10. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as agents, employees, or other representatives of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts for financial gain and profit, in violation of Plaintiff's rights. Plaintiff is informed and believes that Does 1 through 10 include but are not limited to other third parties not yet identified who have unlawfully uploaded or downloaded, reproduced, published, displayed, and/or distributed the copyrighted images at issue after obtaining them from the Defendant via, *inter alia*, the Websites, the Third Party Websites, and/or via email (hereinafter "Third Party Direct Infringers"). Plaintiff will request leave of Court to amend this Complaint to set forth the Doe Defendants true names, identities and capacities when Plaintiff ascertains them. The Doe

Defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

11. Plaintiff is informed and believes that Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other Defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefore. Plaintiff is informed and believes that at some unknown time the Defendants or some of them entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein; the actions described below were taken in furtherance of such conspiracy; and Defendants aided and abetted each other in the wrongful acts alleged herein. Plaintiff is informed and believes that each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

## II.

## JURISDICTION AND VENUE

12. This action is for damages and preliminary and permanent injunctive relief arising from Defendants' copyright infringements in violation of the United States Copyright Act, 17 U.S.C §§ 101 et. seq.

13. ***Subject Matter Jurisdiction.*** This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331(federal question) and 28 U.S.C § 1338(a) (copyright) because this matter is brought under 17 U.S.C § 101 et seq. (federal copyright law).

14. ***Personal Jurisdiction***. Plaintiff is informed and believes that personal jurisdiction is proper over Defendants because Defendant Skylineapps.com, Inc. has for years and continuing to the date of this Complaint resided in and/or operated a commercial business headquartered within this judicial district.

15. On further information and belief, personal jurisdiction is proper within this judicial district because Defendants together systematically and continuously transacts business, including providing headquarters, call center services, business development services, and entering into contracts on an ongoing basis with and provide services to individuals and/or companies in California, as well as employing California residents and key executives to work in California.

16. On information and belief,  Defendants enter into substantial and ongoing contracts with advertising and marketing companies some of which are located within the State of California (such as Google, Inc., Amazon.com, Inc., and eBay, Inc.) with knowledge and purpose that such advertisements and marketing of their services be directed to, received by, and target persons within the State of California.

17. On information and belief, Defendants operate their Apps services together and together created the Apps at issue in this case that infringed on Plaintiff's rights and together own, operate, and control the distribution of those Apps and infringing products to California residents via *inter alia*, the Websites, Third Party Websites, and via direct email to customers, targeting such California consumers.

18. Upon further information and belief Defendants expressly provide under their terms-of-use as posted on the website www.skylineapps.com, which they jointly own, operate and/or control the following language consenting to California choice of law and jurisdiction and encouring disputes arising out of their services, website, and/or Apps be brought in California:

**Website and Mobile Apps Terms of Use**

These Terms of Use govern your access to and use of Skyline Technologies, Inc.'s Skyline Apps Mobile App Maker platform (the "Site"), any information, text, graphics, or other materials appearing on the Site (the "Content"), and any

services provided through the Site (the "Services"). Your access to and use of the Site, Content, and/or Services are expressly conditioned on your compliance with these Terms of Use. By accessing or using the Site, Content, or Services, you agree to be bound by these Terms of Use…

**[Skyline Technologies, Inc. Property**
All right, title, and interest in and to the Site, Content, and Services are and will remain the exclusive property of Skyline Technologies, Inc…]

**Subscription Terms of Use**
The following terms apply to the fee-based version of this web service. This Web Service (the "Service") requires payment of a subscription fee for extended use. The copyright owner and licensor or the web services that you access though this site is Skyline Apps., a California Corporation with principal business offices located 633 W 5th St 28 floor, Los Angeles, CA 90071 ("Skyline Apps"). This Web Service Subscription Agreement License is a binding legal agreement between the individual or the corporation accessing the service ("You") and Skyline Apps…

**Controlling Law and Jurisdiction**
These Terms of Use and any action related thereto will be governed by the laws of the State of California without regard to its conflict of law provisions. The exclusive jurisdiction and venue of any action with respect to the subject matter of these Terms of Use will be the state and federal courts located in San Francisco County, California, and each of the parties hereto waives any objection to jurisdiction and venue in such courts…

(*See* http://skylineapps.com/Terms_of_Use.pdf.)

19. Plaintiff is further informed and believes that the copyright infringements by Defendants giving rise to this lawsuit occurred, *inter alia*, within this Judicial District (including willful infringements that resulted in downloads/distributions within California) and Defendants have otherwise had sufficient contacts within the State of California such that exercising personal jurisdiction over Defendants is proper and would not offend traditional notions of fair play and substantial justice.

20. ***Venue.*** Venue properly lies within this district, pursuant to the provision of 28 U.S.C. § 1391(b) and (c) and 1400(a) in that Defendants reside and/or are headquartered in this judicial district and a substantial part of the events giving rise to the claims occurred in this District, including having engaged in the act of copyright infringement within this district.

## III.

## FACTUAL ALLEGATIONS

21. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

22. Plaintiff created the seven (7) photographs at issue in this case, which are duly registered with the United States Copyright Office in Plaintiff's name as follows:

| Description/Name | Registration Numbers |
|---|---|
| K-08 Kee Beach Web-LG.jpg | Original Registration VA 1-696-555, described in supplemental form VA 1-432-741 |
| A-14 Tropical Lagoon Web-LG.jpg | Original Registration VA 1-696-555, described in supplemental form VA 1-432-741 |
| K-06-B Wailua Falls Rainbow Web-LG.jpg | Original Registration VA 1-696-555, described in supplemental form VA 1-432-741 |
| O-05 Chinamans Hat Web-LG.jpg | Original Registration VA 1-696-555, described in supplemental form VA 1-432-741 |

| | |
|---|---|
| K-12 Lumahai Beach LowWeb-LG.jpg | Original Registration VA-1-696-552, described in supplemental form VA 1-432-820 |
| A-17 NaPali Sunset wide Web-LG | Original Registration VA 1-696-555, described in supplemental form VA 1-432-741 |
| O-01 Waikiki-Pink Boat ORIGINAL VERSION.jpg | Original Registration VA 1-759-562 |

23. Hereinafter, the seven (7) photographs identified in the preceding paragraph shall be referred to collectively as the "Photographs."

24. Plaintiff is informed and believes that the Photographs were registered prior to the infringements alleged herein occurring.

25. The Photographs are original works to which Plaintiff, as the sole copyright owner, holds the exclusive rights to reproduce, publicly distribute, and publicly display, pursuant to 17 U.S.C § 106 and 501.

26. The Photographs were not "works for hire." Plaintiff has incurred substantial time and expense in creating the Photographs.

27. With the last three years, Plaintiff discovered that Defendants without a license or Plaintiff's consent unlawfully reproduced or caused to be reproduced the Photographs and created Apps usings the Photographs, which they copied to include in Apps and/or uploaded, publicly displayed and distributed to a global audience on the World Wide Web where they offered the Apps displaying the Photographs for download via, *inter alia*, some or all of the Websites and Third Party Websites, and through direct e-mail to their customers who could then

download the Apps to their smartphones or tablets.

28. Plaintiff is informed and believed that the Defendants had knowledge that they were engaging in infringing activity and/or acted in conscious disregard of or recklessly as to whether they were infringing. Plaintiff is informed and believes that Defendants have attempted to use a variety of false or fraudulent means to obscure their participation and liability herein.

29.Within the last three years, Plaintiff discovered that Defendants also unlawfully reproduced or caused to be reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed or caused to be publicly displayed and distributed the Photographs without a license or Plaintiff's consent by taking snapshots of its Apps displaying the Photographs and then uploading the snapshots containing the Photographs onto the Websites and Third party Websites as a way of marketing its Apps and services. Plaintiff is informed and believes that Defendants have publicly displayed and distributed the Photographs on at least the following URLS/links:

- http://apps-biz.com/mobile-app-of-kauai-hawaii/
- http://apps-biz.com/tag/hawaii-travel-apps/
- http://apps-biz.com/tag/travel-apps/
- http://apps-biz.com/tag/app/
- http://apps-biz.com/tag/smartphone/
- http://apps-biz.com/tag/iphone-apps/
- http://apps-biz.com/tag/mobile-apps/
- http://apps-biz.com/wp-content/uploads/2011/06/k2.jpg
- http://apps-biz.com/wp-content/uploads/2011/06/k11.jpg
- http://www.pulsarwallpapers.com/data/media/921/Kee_Beach_Kauai_Hawaii.jpg
- http://vegacrush.com/skyline/img/sunset.jpeg
- http://vegacrush.com/skyline/img/kauai.jpg
- https://www.facebook.com/skylineapps
- https://www.facebook.com/skylineapps/photos

- https://www.facebook.com/photo.php?fbid=208662269173222&set=a.208661905839925.49642.100000883508423&type=1&theater
- https://www.facebook.com/photo.php?fbid=208662269173222&set=yo.100000883508423.2011&type=1&theater
- https://play.google.com/store/apps/details?id=com.phonegap.oahuhawaii&hl=en
- https://play.google.com/store/apps/details?id=com.phonegap.kauaihawaii&hl=en

30. Plaintiff is informed and believes that Defendants' conduct of copying the photographs, creating apps, publicly distributing the apps and the photographs consitutes direct copyright infringement, in violation of Sections 106 and 501 of the Copyright Act (17 U.S.C. §§ 106 and 501).

31. Plaintiff is further informed and believes that Third Party Direct Infringers unlawfully copied/reproduced the photographs by downloading the Apps containing the Photographs after obtaining them from Defendants via, *inter alia*, the Websites, Third Party Websites, and direct email. Plaintiff is informed and believes that such conduct constitutes direct copyright infringement by these Third Party Direct Infringers.

32. Plaintiff is informed and believes that Defendants materially contributed to and/or induced the direct infringement by the Third Party Direct Infringers by distributing its Apps for postings or download on the Websites, Third Party Websites, and/or via emails to customers and that Defendants acted with knowledge that neither they nor these Third Party Direct Infringers had a right to copy or download the Photographs, constituting contributory copyright infringement, pursuant to section 101 et seq. of the United States Copyright Act.

33. Plaintiff is further informed and believes that Defendants had the right and ability to supervise and/or control the infringing conduct and have derived a direct financial benefit from the infringing use of the Photographs by, *inter alia*, charging

clients to download the Apps containing the Photographs and/or using the Apps containing the Photographs as a draw to customers to purchase other Apps and/or services and also using the Photographs on its commercial websites and other third party commercial websites to market, advertise, and promote its services and generate business, constituting vicarious copyright infringement, pursuant to section 101 et seq. of the United States Copyright Act.

34. Plaintiff is further informed and believes that Defendants unlawfully reproduced or caused to be reproduced, uploaded/downloaded or caused to be uploaded/downloaded, publicly displayed and distributed or caused to be publicly displayed and distributed the Photographs after receiving constructive and/or actual knowledge through, *inter alia*, cease and desist letters that they received from Plaintiff explaining that Defendants did not have a license or consent to use the copyrighted Photographs in the manner in which they were used. Plaintiff is informed and believes that even with this knowledge up and until the date of the filing of the Complaint, Defendants continue to unlawfully infringe on Plaintiff's rights.

35. Plaintiff is informed and believes that Defendants by their use of the Photographs with knowledge of or reckless disregard for the fact that they did not and do not have a license or consent to use the copyrighted photographs are willfully violating Plaintiff's exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 106 and § 501.

36. Defendants' unauthorized copying/reproducing, uploading/downloading, public display, and distribution as alleged herein has caused Plaintiff damages.

37. Defendants have shown that they intend to continue, unless restrained, to use Plaintiff's copyrighted photographic works, willfully infringing, and causing

irreparable damages to Plaintiff for which he has no adequate remedy of law.

38. Defendants' unlawful use of copies of Plaintiff's original photographic works have diminished the value of the original photographic works by distributing and encouraging redistribution of the photographic works without identifying the photographic works as being the exclusive property of Plaintiff.

39. Defendants' unlawful acts have been and are interfering with and undermining Plaintiff's ability to market Plaintiff's own original photographic works, thereby impairing the value and prejudicing the sale or license by Plaintiff of his own photographic works.

40. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law. Defendants, by their unauthorized appropriation and use of Plaintiff's original photographic works, have been and are engaging in acts of unfair competition, unlawful appropriation, unjust enrichment, wrongful deception of the purchasing public, and unlawful trading on Plaintiff's goodwill and the public acceptance of Plaintiff's original photographic works.

41. Because Defendants used Plaintiff's copyrighted photographic works without licenses, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publication and any improperly acquired likenesses or images (however stored or recorded) impounded while this action is pending.

**IV.**

**FIRST CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
17 U.S.C. §§ 106 and 501

42. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

43. By the actions alleged above, Defendants have infringed on Plaintiff's copyrights by copying, displaying, publishing, and distributing Plaintiff's copyrighted Photographs without permission to a global audience on the World Wide Web.

44. Plaintiff is informed and believes that Defendants' acts of infringement were ongoing, willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that Defendants knew or recklessly failed to know that they did not have the right to use the Photographs in the manner in which they used the Photographs.

45. Plaintiff is informed and believes that, by the actions alleged above, Defendants violated Plaintiff's exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 et. seq. making Defendants liable for willful direct copyright infringement.

46. As a direct and proximate result of Defendants' infringement, Plaintiff was damaged and is entitled to recover from Defendants the damages, including attorney's fees, he has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of its acts of infringement alleged above. At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for Defendants' infringement of

his copyrights of up to $150,000.00 per infringement.

47. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

**V.**

**SECOND CLAIM FOR RELIEF**

**SECONDARY COPYRIGHT INFRINGEMENT**

(Contributory, Inducement, and Vicarious)

17 U.S.C. §§ 106 and 501

48. Plaintiff incorporates by reference each allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

49. By the actions alleged above, Defendants had either constructive knowledge or actual knowledge and/or had reason to know of the infringing activity alleged herein and that Defendants had no right to copy, upload, display, distribute or download the Photographs and consciously disregarded such knowledge. Notice was sent to Defendants of the infringements by U.S. mail to the address listed as the company address on its website as well as by email to the email addresses info@skylineapps.com, boz@skylineapps.com, and cbcinsider@yahoo.com (the registered email addresses according to a whois search of the websites). The physical address was one Lee has used and the letters were not returned. The email addresses are ones that Lee has used or asserted to use. The emails were not returned.

50. Plaintiff is informed and believes that Defendants continued to infringe on Plaintiff's copyrights by continuing to copy, publicly display and distribute the Photographs even after receiving constructive and/or actual knowledge of the infringing activity. Before filing suit, Plaintiff sent Defendants cease and desist notices of the infringements on July 30, 2014; August 15, 2014; and December 10,

2014. Despite such notices, at least eight (8) of the infringing links identified in the letters (and in this Complaint, above) remained live and active on the internet as of December 8, 2014 and at least four (4) remained active after all three letters were sent.

51. Plaintiff is informed and believes that by the actions alleged above, Defendants knowingly encouraged, assisted, enabled, induced, facilitated, caused, and/or materially contributed to each act of infringement by the Third Party Direct Infringers who but for Defendants acts of copying, uploading, displaying and distributing the Photographs on, *inter alia*, their Apps, Website, the Third Party Websites, and through direct email would never have obtained the Photographs and further copied, displayed, publicized, and/or distributed, the Photographs without Plaintiff's permission. Such belief is based upon, inter alia, Defendants' never obtaining a license for the use of any of Plaintiff's Photographs used on Defendants' websites. Moreover, Plaintiff is informed and belives on the basis of the whois records showing Defendants' ownership and/or management of their websites that Defendants had the ability to prevent the infringements from occurring by, inter alia, procuring licenses for the use of the Photographs. The images appeared on websites and "Apps" provided by Defendants.

52. Defendants' conduct constitutes contributory (and inducement) copyright infringement of Plaintiff's exclusive rights in the Photographs in violation of 17 U.S.C. § 106 and 501.

53. Plaintiff is further informed and believes that Defendants, had the right and ability to control and/or supervise and did direct and supervise the infringing conduct alleged herein and those of the Third Party Direct Infringers, including but not limited to, by giving these Third Party Direct Infringers actual and/or implied consent to download the Apps containing the Photographs thus giving them actual

and/or implied consent to unlawfully reproduce the Photographs in the Apps. Plaintiff's belief that Defendant Lee is likely in control of the relevant websites and Apps is based on, inter alia, the facts that Defendant Lee asserted under penalty of perjury to the USPTO that he was using in commerce the Skyline Apps trademarks, asserting having used it himself in commerce; and appeared as owner of the subject websites according to a whois domain search performed for the websites, and for one website had the same contact information. Defendant Lee also appears to be the owner/recipient of the email address info@skylineapps.com as well as maintains the email address boz@skylineapps.com (from which he has communicated to Plaintiff's counsel). The email address info@skylineapps.com has been found to be tied to the address and phone number Defendant Lee uses on his pleadings. Further, Defendant Lee is listed as the Director of Skyline Apps in numerous locations, including his own LinkedIn profile, again with accompanying phone numbers and email addresses identical to those Defendant Lee has been using throughout this matter. The address listed on the Skyline Apps website is the same address as other businesses attributed to Defendant Lee. Moreover, Defendant Lee has stated in online profiles that he is "an entrepreneur who is selling mobile app maker, ebook maker and aims to create a market place my software." This is a near match for the description of the Skyline Apps product, which is an eBook and Moible App Maker. Also, all the infringing sites have a common internet protocol address which is associated with Boz Lee along with other websites which he is associated with indicating that he owns/leases and thereby controls the operative servers where infringing images were stored.

54. Plaintiff is informed and believes that Defendants obtained a direct financial benefit from the direct infringements by these Third Party Direct Infringers who either paid for these Apps and/or who used Defendants services after receiving and

downloading the Apps as part of Defendants marketing efforts. The use of Plaintiff's copyrighted photographs was used on Defendants' commercial websites wherein they sell the Skyline Apps product. The photographs at issue appear alongside a Hawaii travel apps. The Skyline Apps product was/is sold "at over 2,000 Office Max and Office Depot Stores," as stated on its website. The Photographs, as posted, accompany descriptions of the mobile apps for sale with corresponding links to download the apps. On infringing sites where the works were found, there are also advertisements which appear to be revenue generating for the Defendants as the website owners via "pay by click" advertisements and thereby the images were a draw to those sites and from which Defendants would have obtained revenue.

55. Plaintiff is informed and believes that Defendants' conduct constitutes vicarious copyright infringement of Plaintiff's copyrights and exclusive rights in the Photographs in violation of 17 U.S.C. § 106 and 501.

56. Plaintiff is informed and believes that Defendants acts of infringement were ongoing, willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that Defendants knew or recklessly failed to know that neither they (nor the Third Party Direct Infringers) had the right to use the Photographs in the manner in which they were used. Defendants, to date, have not identified where they obtained the images used on their websites, who was responsible for uploading them, or any licensing information regarding any image used on their websites; and have provided what appears to be false domain registration information to obscure liability warranting a *presumption of* willfulness. 17 USC 504(c)(3)(A).

57. As a direct and proximate result of Defendants' infringements, Plaintiff was damaged and is entitled to recover from Defendants the damages, including

attorney's fees, he has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above. At present, the amount of damages, gains, profits and advantages cannot be fully ascertained by Plaintiff, but will be established according to proof at trial. Plaintiff also seeks to recover statutory damages for Defendants' infringement of his copyrights of up to $150,000.00 per infringement.

58. Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement and causing irreparable damage to Plaintiff for which he has no adequate remedy of law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For Plaintiff's actual damages.

2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their willful and unlawful conduct.

3. For maximum statutory damages under Section 17 U.S.C. § 504(c) of the Copyright Act in the amount of $150,000.00 for each infringement;

4. For prejudgment interest.

5. For attorneys' fees and costs.

6. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or

participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and;

b. the seizure of all property made in, or used to assist in the, violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. §503, including, but not limited to, all copies of the Photographs, all domains, Internet Protocol (IP) addresses, and all servers and other computer equipment used to publish, broadcast or archive the Photographs.

7. For such other and further relief as this Court deems just and appropriate.

Dated: January 22, 2016

WOOLF GAFNI & CIRLIN LLP

By: /s/ Adam I. Gafni
Adam I. Gafni
Attorney For Plaintiff
VINCENT K. TYLOR

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of any and all issues triable with right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 22, 2016

WOOLF GAFNI & CIRLIN LLP
By: /s/ Adam I. Gafni
Adam I. Gafni
Attorneys For Plaintiff
VINCENT K. TYLOR